**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 04- 78-S**

**ERIC MITCHELL**

**MOTION TO EXCEED CAP**
**SET IN 18 U.S.C. 3006A(d)(2)**

Now comes Thomas G. Briody, counsel to the defendant in the matter captioned above, and moves to exceed the cap set on indigent representation in 18 U.S.C. 3006A(d)(2).

Mr. Briody submits the accompanying memorandum in support of this motion.

Thomas G. Briody
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 04- 78-S**

**ERIC MITCHELL**

**MEMORANDUM IN SUPPORT OF**
**MOTION TO EXCEED CAP**
**SET IN 18 U.S.C. 3006A(d)(2)**

The undersigned counsel was appointed to represent Eric Mitchell shortly after his indictment by a federal grand jury in July, 2004. Mr. Mitchell was charged with the delivery of cocaine base and possession of two firearms in furtherance of a drug trafficking crime. Following a plea of guilty as to the cocaine charge contained in Count one of the indictment, this court sentenced Mr. Mitchell to a term of 70 months imprisonment. At the time of sentencing, the government dismissed count two (the firearms charge) in accordance with a plea agreement.

Counsel has submitted a detailed invoice pertaining to the representation provided in this case, and recognizes that the hours worked on behalf of Mr. Mitchell, multiplied by the hourly rate set forth in 18 U.S.C. 3006A, exceeds the $7,000 maximum. For the reasons set forth in this memorandum, counsel submits that representation in this case was extended and complex, and asks this court to authorize payment in excess of the statutory maximum.

It may fairly be said that so-called "gun and drug" cases are not unusual in the federal courts of the United States. At first blush, this case bears little difference from many

others. The charges, however, are quite serious—carrying mandatory minimum penalties. The United States had both audio and video surveillance of the defendant, and planned to introduce both at trial. Upon conviction, Mr. Mitchell faced a minimum of ten years in federal prison.

Faced with overwhelming evidence that Mr. Mitchell in fact sold drugs, counsel explored two avenues of defense. First, extensive research and a request for testing of the controlled substance were submitted to the court, and funding was provided for testing and analysis. When it appeared that the research and testing was unlikely to reduce Mr. Mitchell's punishment, counsel commenced an analysis and preparation of an entrapment defense. Over the course of seven months, counsel filed motions for disclosure of the government's informant, for exculpatory evidence, and to strike sentencing allegations. Counsel also prepared a pre-trial memorandum, jury instructions, and subpoenae for witnesses and evidence, including internal ATF documents.

Counsel attended several hearings and conferences before Magistrate Judge Almond on questions involving drug testing and exculpatory evidence pertaining to the government's informant. Counsel also appeared at a pre-trial conference before Judge Smith, as well as several calendar calls. For most, if not all, of the period from indictment to the time of defendant's plea, it appeared that Mr. Mitchell would have to proceed to trial. It was only at the eleventh hour that the United States offered to dismiss a count that would have doubled the length of Mr. Mitchell's incarceration. This somewhat unusual offer eliminated the need for a trial.

In light of all the circumstances described herein, counsel submits that his representation was both "extended and complex," and is sufficient to justify payment in

excess of the maximum amount ordinarily provided by the Criminal Justice Act. Entrapment cases, almost by definition, are complex, because they require a detailed analysis of the conduct of government agents and of the defendant. See United States v. Joost, 92 F.3d 7 (1st Cir. 1996) (noting that "the devil is in the details" in the context of entrapment cases). So it was with this matter.

Counsel respectfully asks that this motion be granted.

Thomas G. Briody
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com